IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COMMODITY FUTURES TRADING COMMISSION,

Plaintiff,

v. Case No. 8:19-cv-00886-VMC-SPF

OASIS INTERNATIONAL GROUP, LIMITED, ET AL.,

Defendants,

and

MAINSTREAM FUND SERVICES, INC., ET AL.,

Relief Defendants.

______________________________________/

**MOTION FOR ENTRY OF CONSENT ORDERS OF PRELIMINARY INJUNCTION AND FOR ENTRY OF A CONSOLIDATED RECEIVERSHIP ORDER**

## I. INTRODUCTION

On April 30, 2019, this Court entered consent preliminary injunctions as to:

| Consenting Defendants | Consenting Relief Defendants |
|---|---|
| Oasis International Group, Ltd.<br>Oasis Management, LLC<br>Michael J. DaCorta<br>Joseph S. Anile, II<br>Francisco "Frank" L. Duran | Roar of the Lion Fitness, LLC<br>444 Gulf of Mexico Drive, LLC<br>6922 Lacantera Circle, LLC<br>13318 Lost Key Place, LLC<br>Bowling Green Capital Management, LLC<br>Lagoon Investments, Inc.<br>4064 Founders Club Drive, LLC<br>4Oaks LLC |

Doc. ##4, 35, 43. On the same day, the Court entered an Order Appointing Receiver and

Staying Litigation ("Order Appointing Receiver"). Doc. #44. On May 29, 2019, Relief Defendant Mainstream Fund Services, Inc. consented to entry of a preliminary injunction against it. Doc. ##82, 85. The Order Appointing Receiver also applied to Defendant Mainstream Fund Services, Inc. *See* Doc. #44 at 2-3, ¶2.

Defendants Raymond P. Montie, III ("Montie"), John J. Haas ("Haas"), and Satellite Holdings Company ("SHC") did not consent to entry of consent preliminary injunctions against them, sought several continuances of the preliminary injunction hearing, and filed their respective oppositions. Doc. ##142, 143. Plaintiff Commodity Futures Trading Commission ("CFTC") filed a reply in further support of its motion for a preliminary injunction. Doc. #165. Montie, Haas, and SHC filed their sur-replies on July 8 and July 9, 2019. Doc. ##169, 170. On July 9, 2019, the CFTC, Montie, Haas, and SHC met with a mediator and resolved the issues related to entries of consent preliminary injunctions against these three defendants. Doc. #171. The preliminary injunction hearing is currently set for July 12, 2019 at 11:00 a.m. Doc. #152.

In addition, the CFTC and Defendant Francisco "Frank" L. Duran ("Duran") have agreed to entry of an Amended Consent Order of Preliminary Injunction as to Duran, which provides him with reasonable living expenses, which are not provided for under his current consent preliminary injunction order of April 30, 2019. Doc. #43.

## II. PRECISE RELIEF REQUESTED

The CFTC seeks leave of Court for entry of three consent orders of preliminary injunction against Defendants: (1) Montie; (2) Haas and SHC; and (3) Duran. The CFTC also seeks leave of Court for entry of a Consolidated Receivership Order.

## III. BASIS FOR THE REQUEST

Although Montie, Haas, and SHC have consented to entry of respective preliminary injunction orders against them, the current Order Appointing Receiver does not apply to them. *See* Doc. #44 at 2, ¶1. Unless and until the Court enters the Consent Preliminary Injunctions, Montie, Haas, and Haas's company, SHC, are bound by the April 15, 2019 Statutory Restraining Order. *See* Doc. ##7, 33, 41, 42, 57, 63, 65, and 66. At this time, the CFTC, Montie, Haas, and SHC have resolved the issues related to entries of consent preliminary injunctions, which, among other things, continue the asset freezes, but also provide them with reasonable living expenses earned from legitimate sources of income after April 15, 2019 that are not related to this case.

Duran is bound by both his prior consent preliminary injunction and the current Order Appointing Receiver, Doc. ##43, 44. At this time, however, Duran and the CFTC have agreed to entry of an Amended Consent Order of Preliminary Injunction as to Duran, which, among other things, continues the freeze of his assets, but provides him with reasonable living expenses, if earned from legitimate sources of income after April 15, 2019 that are not related to this case.

Furthermore, now that all Defendants and Relief Defendants named in this litigation have consented to entry of respective preliminary injunctions against them, it will be more efficient for the Receiver and the Receivership Estate if there is one operative order describing the general powers and duties of the Receiver.

## IV. MEMORANDUM OF LEGAL AUTHORITY

This Court has the inherent authority to grant the relief requested by entering all of the proposed orders. First, this Court has already considered and entered several consent preliminary injunction orders in this case. Doc. ##35, 43, 82, 85. If the Court enters these three additional consent orders, then the hearing set for July 12, 2019 at 11:00 a.m. is no longer necessary because Montie, Haas, and SHC are the only remaining defendants to be heard on this issue on that date. Likewise, Duran's amended consent preliminary injunction resolves the issues he raised with the Court at a hearing on July 2, 2019.

Second, this Court has already considered and entered two receivership orders in this case. Doc. ##7, 44. If the Court enters the proposed Consolidated Receivership Order, then the Receiver's work will be further streamlined into one operative order describing the general powers and duties of the Receiver. The Consolidated Receivership Order will also cover all of the parties to this lawsuit.

## V. CONCLUSION

WHEREFORE, for good cause shown, the CFTC moves this Court for entry of three separate consent orders of preliminary injunction as to Defendants Raymond P. Montie, III, John J. Haas and his company Satellite Holdings Company, and Francisco "Frank" L. Duran. Signed consents and proposed orders are included with this filing as **Exhibits 1, 2, and 3**. For good cause shown, the CFTC also moves this Court for entry of entry of the Consolidated Receivership Order. A proposed Consolidated Receivership Order is included with this filing as **Exhibit 4**.

Dated: July 11, 2019

Respectfully submitted,

**COMMODITY FUTURES TRADING COMMISSION**

By: /s/ Jennifer J. Chapin

Jo E. Mettenburg, jmettenburg@cftc.gov
TRIAL COUNSEL
Jennifer J. Chapin, jchapin@cftc.gov
J. Alison Auxter, aauxter@cftc.gov
Attorneys for Plaintiff
COMMODITY FUTURES TRADING COMMISSION
4900 Main Street, Suite 500
Kansas City, MO 64112
(816) 960-7700
(816) 960-7751 (fax)

## LOCAL RULE 3.01(G) CERTIFICATION

I hereby certify that on July 10-11, 2019, the undersigned counsel for the CFTC (Jennifer Chapin) communicated with counsel for all parties to this action, including pro se Defendant Michael J. DaCorta (via his court-appointed public defender Adam Allen), regarding the CFTC's requests for relief herein.

Counsel for Defendant Joseph S. Anile, II advised that Mr. Anile is in the process of retaining legal counsel in Florida and therefore his current counsel could not take a position one way or the other on the CFTC's request.

There is no opposition from the other parties to the CFTC's requests for relief.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2019, I filed a copy of the foregoing with the Clerk of the Court via the CM/ECF system, which served all parties of record who are equipped to receive service of documents via the CM/ECF system.

I hereby certify that on July 11, 2019, I provided service of the foregoing via electronic mail to:

Gerard Marrone
Law Office of Gerard Marrone P.C.
66-85 73rd Place
Second Floor
Middle Village, NY 11379
gmarronelaw@gmail.com
**COUNSEL FOR DEFENDANT JOSEPH S. ANILE, II**

I hereby certify that on July 11, 2019, I provided service of the foregoing via electronic mail to the following unrepresented party:

Michael J. DaCorta, mdacorta@oasisig.com.