UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COMMODITY FUTURES TRADING
COMMISSION,

      Plaintiff,                                    CASE NO. 8:19-cv-886-T-33SPF

v.

OASIS INTERNATIONAL GROUP, LTD.;
OASIS MANAGEMENT, LLC;
SATELLITE HOLDINGS COMPANY;
MICHAEL J. DACORTA;
JOSEPH S. ANILE II;
RAYMOND P. MONTIE III;
FRANCISCO "FRANK" DURAN; and
JOHN J. HAAS;

      Defendants,

and

MAINSTREAM FUND SERVICES, INC.;
BOWLING GREEN CAPITAL MANAGEMENT, LLC;
LAGOON INVESTMENTS, INC.;
ROAR OF THE LION FITNESS, LLC;
444 GULF OF MEXICO DRIVE, LLC;
4064 FOUNDERS CLUB DRIVE, LLC;
6922 LACANTERA CIRCLE, LLC;
13318 LOST KEY PLACE, LLC; and
4OAKS, LLC;

      Relief Defendants.

### INTERVENOR UNITED STATES' REPLY TO RELIEF DEFENDANT MAINSTREAM FUND SERVICES, INC.'S RESPONSE IN OPPOSITION TO MOTION TO EXTEND STAY OF ALL CIVIL PROCEEDINGS

In accordance with the Court's Order of January 8, 2020 (Doc. 219), the United States of America, by Maria Chapa Lopez, United States Attorney for the Middle District of Florida, through the undersigned Assistant United States Attorney, hereby files its reply to Relief Defendant Mainstream Fund Service, Inc.'s ("MFS") Response in Opposition to Intervenor United States' Motion to Extend Stay of All Civil Proceedings (Doc. 218). The United States has no objection to a temporary and partial lifting of the stay to allow for discovery on the singular issue of whether MFS rendered services to Oasis International Group, Ltd. ("Oasis") in exchange for the fees it received, which should lead to resolution of the Commodity Futures Trading Commission's ("CFTC") case as to MFS.

Specifically, based upon its reading of MFS' response and its communications with counsel for the CFTC, the government understands that the only issue still requiring resolution in the CFTC's case against MFS is whether MFS rendered services to Oasis in exchange for all of the fees MFS received from Oasis. Although MFS has produced a substantial volume of documents to the Receiver, it has not yet provided the full accounting contemplated by the Statutory Restraining Order ("SRO") (Doc. 7) or documents

from which the CFTC can substantiate that MFS earned the fees it received. For example, it does not appear that MFS has provided a complete set of all of the invoices it sent to Oasis and corresponding records to show the invoices were paid so that the fees can be substantiated. According to the CFTC, if MFS were permitted to file a motion for summary judgment, the CFTC will not be able to respond to the motion unless and until it receives additional information from MFS. Once the CFTC receives the full accounting and the missing invoices, it should be able to articulate what, if any, additional discovery it needs – including documents, interrogatories, and depositions – to resolve its case against MFS.

For the foregoing reasons, the United States has no objection to a temporary and partial lifting of the stay to allow for discovery on the singular issue of whether MFS rendered services to Oasis in exchange for the fees it received. The United States does not believe this limited discovery will pose any

harm to the government's ongoing criminal investigation and related prosecutions.

        Respectfully submitted,

        MARIA CHAPA LOPEZ
        United States Attorney

By:   */s/ Rachelle DesVaux Bedke*
       Rachelle DesVaux Bedke
       Assistant United States Attorney
       Florida Bar No. 0099953
       400 N. Tampa Street, Suite 3200
       Tampa, Florida 33602-4798
       Telephone: (813) 274-6000
       Facsimile: (813) 274-6358
       E-mail: Rachelle.Bedke@usdoj.gov

Case No. 8:19-cv-886-T-33SPF

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 13, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

I hereby certify that on January 13, 2020, a true and correct copy of the foregoing document and the notice of electronic filing were sent by electronic mail to the following non-CM/ECF participants:

>Adam Allen, Esquire
>Criminal Defense Counsel for Michael J. DaCorta
>*Adam_Allen@fd.org*
>
>Burton W. Wiand, Receiver
>*BWiand@WiandLaw.com*

>*/s/ Rachelle DesVaux Bedke*
>Rachelle DesVaux Bedke
>Assistant United States Attorney
>Florida Bar No. 0099953
>400 N. Tampa St., Ste. 3200
>Tampa, FL 33602-4798
>Telephone: (813) 274-6000
>Facsimile: (813) 274-6358
>E-mail: Rachelle.Bedke@usdoj.gov

5