# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

COMMODITY FUTURES TRADING
COMMISSION,

      Plaintiff,

v.                                          Case No. 8:19-cv-886-T-33SPF

OASIS INTERNATIONAL GROUP,
LIMITED; OASIS MANAGEMENT, LLC;
SATELLITE HOLDINGS COMPANY;
MICHAEL J. DACORTA; JOSEPH S.
ANILE, II.; RAYMOND P. MONTIE III;
FRANCISCO "FRANK" L. DURAN; and
JOHN J. HAAS,

      Defendants;

and

MAINSTREAM FUND SERVICES, INC.;
BOWLING GREEN CAPITAL
MANAGEMENT LLC; LAGOON
INVESTMENTS, INC.; ROAR OF THE
LION FITNESS, LLC; 444 GULF OF
MEXICO DRIVE, LLC; 4064 FOUNDERS
CLUB DRIVE, LLC; 6922 LACANTERA
CIRCLE, LLC; 13318 LOST KEY PLACE,
LLC; and 4 OAKS LLC,

      Relief Defendants.
_____/

## ORDER

      This cause comes before the Court for consideration of the Receiver's Fifth Interim Motion for Order Awarding Fees, Costs and Reimbursement of Costs to Receiver and His Professionals (Doc. 311). The Commodity Futures Trading Commission does not oppose

the granting of the relief sought.  Defendant Raymond P. Montie, III filed a Response in Opposition (Doc. 315).

Mr. Montie "opposes the funds held in the estate being used to pay two law firms a total of $44,538.61 for legal work that resulted in woefully deficient complaints being filed in the receiver's lawsuit against Mr. Montie in case number 8:20-cv-863-T-60SPF" (Doc. 315 at 1-2 (citing Doc. 311 at 10-11)).  In the referenced Receiver's action, Mr. Montie filed a motion to dismiss the Receiver's complaint.  Instead of responding to the motion to dismiss, the Receiver filed an amended complaint to which Mr. Montie filed a second motion to dismiss.  Mr. Montie's motion to dismiss the amended complaint is currently pending before the District Judge in that case.  Here, Mr. Montie asserts that because the Receiver made no attempt to justify the original complaint, no compensation should be awarded to the Receiver and his professionals for that work.  Similarly, Mr. Montie argues that, should the District Judge conclude that the amended complaint should be dismissed, the Receiver should not be compensated for drafting the amended complaint.

The Court in this action need not, and should not, examine the merits of Mr. Montie's motion to dismiss or the Receiver's complaints in the referenced Receiver's action. Whether the Receiver adequately pleaded his case or the ultimate ruling on Mr. Montie's motion to dismiss are not the standards by which this Court determines whether to award fees to the Receiver and his professionals for the work done in the referenced action. Indeed, Mr. Montie does not cite any case law supporting such a premise.  Absent a finding that the Receiver's referenced action is frivolous, which is not being alleged by Mr. Montie, Mr. Montie's objection is unavailing and overruled.

Having otherwise considered the motion, Mr. Montie's response, and being otherwise fully advised, it is **ORDERED AND ADJUDGED** that the Receiver's Fifth Interim Motion for Order Awarding Fees, Costs and Reimbursement of Costs to Receiver and His Professionals (Doc. 311) is **GRANTED**. The Court awards the following sums and directs that payment be made from the Receivership assets:

| | |
|---|---:|
| Burton W. Wiand, Receiver | $27,900.00 |
| Wiand Guerra King P.A. | $248,788.95 |
| Englander Fischer | $42,397.11 |
| KapilaMukamal, LLP | $17,504.56 |
| PDR CPAs | $5,513.75 |
| E-Hounds, Inc. | $6,217.50 |
| RWJ Group, LLC | $5,405.70 |
| Glenn D. Godfrey | $5,742.61 |
| SEDA Experts LLC | $13,300.00 |

**ORDERED** in Tampa, Florida, this 14th day of September 2020.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE