UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COMMODITY FUTURES TRADING
COMMISSION,            Case No. 8:19-cv-886-T-33SPF

    Plaintiff,

    v.

RAYMOND P. MONTIE, III; et. al,

    Defendants,

and

MAINSTREAM FUND SERVICES, INC.
et. al,

    Relief Defendants.
_____/

**ORDER MODIFYING CONSENT ORDER OF PRELIMINARY INJUNCTION
AND OTHER EQUITABLE RELIEF
<u>AGAINST DEFENDANT RAYMOND P. MONTIE, III</u>**

Before the Court is Defendant Raymond P. Montie, III's ("Mr. Montie") Unopposed Motion for an order that modifies this Court's Consent Order of Preliminary Injunction and Other Equitable Relief Against Defendant Raymond P. Montie, III entered on July 11, 2019 (Doc. # 176) ("Consent Order"), to permit Mr. Montie to sell 349 Mac Arthur Boulevard, Hauppauge, New York 11788 ("Hauppauge Residence"). Specifically, this requested modification applies to an asset of Mr. Montie's as referenced by Paragraph 6 of the Consent Order. (Doc. # 176 at 8). Mr. Montie has entered into a contract of sale for the Hauppauge Residence. Mr. Montie moreover has entered into an escrow agreement

with Burton W. Wiand, the Receiver appointed by the Court in this action (Doc. # 177) (the "Receiver"), to hold the proceeds of the sale of the Hauppauge Residence until either the Receiver and Mr. Montie jointly agree to the disbursement of the funds, or the Court orders the disposition of the funds.  The sales contract and escrow agreement that Mr. Montie attached to his motion are incorporated herein by reference.  The CFTC does not oppose Mr. Montie's motion.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Raymond P. Montie III's motion to modify consent order (Doc. # 338) is **GRANTED**.

(2) The Consent Order (Doc. # 176) is modified as follows:

   a. Except as provided in paragraph 2 below, all other terms of the Consent Order shall remain in full force and effect until further order of this Court.

   b. Nothing in Paragraph 6 of the Consent Order (Doc. # 176 at 8) shall be construed or interpreted to apply to 349 Mac Arthur Boulevard, Hauppauge, New York 11788 ("Hauppauge Residence").

   c. Mr. Montie is directed to sell the Hauppauge Residence on the terms dictated by the sales contract, and to deposit all proceeds from the sale, as defined by the escrow agreement, into the escrow account that Mr. Montie jointly controls with the Receiver to receive the proceeds of the sale.

    d.  The CFTC does not waive any rights to the proceeds of the sale of the Hauppauge Residence.

    e.  The Receiver does not waive any rights to the proceeds of the sale of the Hauppauge Residence.

    f.  All other terms of the Consent Order shall remain in full force and effect until further order of this Court.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this **22nd** day of December, 2020.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE