UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COMMODITY FUTURES
TRADING COMMISSION,

    Plaintiff,

v.   Case No. 8:19-cv-00886-VMC-SPF

OASIS INTERNATIONAL GROUP LIMITED; OASIS MANAGEMENT, LLC;SATELLITE HOLDINGS COMPANY; MICHAEL J. DACORTA; JOSEPH S. ANILE, II; RAYMOND P. MONTIE, III; FRANCISCO "FRANK" L. DURAN; and JOHN J. HAAS,

    Defendants,

and

MAINSTREAM FUND SERVICES, INC.;BOWLING GREEN CAPITAL MANAGEMENT LLC; LAGOON INVESTMENTS, INC.; ROAR OF THE LION FITNESS, LLC; 444 GULF OF MEXICO DRIVE, LLC; 4064 FOUNDERSCLUB DRIVE, LLC; 6922 LACANTERA CIRCLE, LLC; 13318 LOST KEY PLACE,LLC; and 4OAKS LLC,

    Relief Defendants.

_____

## MOTION TO DISMISS RECEIVER

1. Comes now Michael J. DaCorta, pro se Defendant, and moves this court to dismiss Burton W. Wiand as receiver in the instant case since there is no factual or legal basis for the prejudgment remedy he seeks.

2. Based upon the evidence, Burton W. Wiand ("Wiand") was never lawfully appointed Receiver in the instant case. He is now and has ever been acting without lawful authority since his appointment as permanent receiver.

3. The receiver has preserved no property on behalf of the claimants in this case, but liquidated and attempted to lien properties a) without statutory jurisdiction; and 2) without judgment of any violations of U.S.C. Title 7; and 3) without material evidence of the alleged Ponzi scheme.

4. The Receiver may only attach property of a named debtor. There is no named debtor in the instant case.

5. The value of property attached may not exceed the amount of the debt claimed by the United States ("U.S."). Since the U.S. claimed no debt amount, no property may be attached.

**MEMORANDUM OF LAW**

6. Receiverships lodge in equity. Receivership appointments, therefore, are reviewed for an abuse of discretion.

7. Any party may move to terminate a receivership.

8. Reasons to appoint a receiver may be: an action to vacate a fraudulent property purchase; an action for foreclosure of a mortgage and sale of mortgaged property; an action involving an insolvent corporation or a corporation in imminent danger of insolvency; or a corporation that has been dissolved or has forfeited its corporate rights; or any case in which a receiver may be appointed under the rules of equity.

9. Oasis made no fraudulent property purchases; Oasis was not dissolved, was not insolvent, nor about to be insolvent; nor did Oasis forfeit its corporate rights.

10. The Plaintiff did not fulfill statutory requirements pertaining to prejudgment appointment of receivers. *See* 28 U.S.C. § 3101 (a)(3)(B) and § 3103; *see also* 28 U.S.C. §§ 754 & 1692.

11. Authority for a permanent pre-judgment appointment of a receiver is found exclusively under 28 U.S.C. § 3103 "if the requirements of section 3101 are satisfied."

12. The law requires that the United States' "application to the court shall set forth the factual and legal basis for each prejudgment remedy sought." (28

U.S.C. § 3101). The United States did not set forth any factual or legal basis for any prejudgment remedy sought.

13. No debtor has been specifically identified, nor has any hindered, delayed, or defrauded the United States, nor converted or attempted to convert Defendant's property into money or securities or evidence of debt with the effect of hindering, delaying, or defrauding the U.S. nor evaded service of process by concealing themselves nor been temporarily withdrawn from the jurisdiction of the U.S. with the effect of hindering, delaying, or defrauding the U.S.

14. No Declaration filed in support of the Complaint 1) specified the amount of the debt or 2) showed grounds to believe that the [unspecified] debtor was about to leave the jurisdiction of the U.S. to hinder, delay, or defraud the U.S.'s effort to recover, or was about to assign, dispose, remove, conceal, waste, or destroy property in order to hinder, delay, or defraud the U.S. or was about to convert the debtor's property into money, securities, in order to hinder, delay, or defraud the U.S.  (See 3102(b), 3103(a), 3104(a), or 3105(b) (*See* 28 U.S.C. § 3101 (c)(1)(2)(A)(B)).

15. There is no evidence showing that the Receiver was lawfully appointed pre-judgment, according to the requirements of 28 U.S.C. § 3103.

16. Defendant was not noticed nor given an opportunity for a hearing pursuant to 28 U.S.C. § 3103, prior to the permanent appointment of the Receiver. (*See* 28 U.S.C. § 3101 (a)(3)(A).

17. In *Hawes v. Gleicher*, the court held as follows:

    Article III of the Constitution confines the reach of federal jurisdiction to "Cases" and "Controversies." *Alabama–Tombigbee Rivers Coal. v. Norton,* 338 F.3d 1244, 1252 (11th Cir.2003) (quoting U.S. Const. art. III, § 2); *see also, Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992) ("[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III."). At an irreducible constitutional minimum, a plaintiff must show an injury-in-fact, a causal connection between the injury and the defendant's conduct, and a likelihood that the injury will be redressed by a favorable decision from the court. *Lujan,* 504 U.S. at 560, 112 S.Ct. at 2136. "In addition to these three constitutional requirements, the Supreme Court has held that prudential requirements pose additional limitations on standing ." *Wolff v. Cash 4 Titles,* 351 F.3d 1348, 1353 (11th Cir.2003). For example, a party "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin,* 422 U.S. 490, 499, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343(1975).

    (*Hawes v. Gleicher*, 745 F.3d 1337, 1341-42 (11th Cir. 2014)).

16. "If a plaintiff does not have statutory standing, he lacks a cause of action, and the action should be dismissed under Federal Rule of Civil Procedure 12(b)(6)." (*Walker v. New Orleans City, La.*, No. 16-31229, 2017 WL 3467879, at *1 (5th Cir. Aug. 11, 2017) (per curiam) (citing *Malvino v. De lluniversita*, 840 F.3d 223, 229-30 (5th Cir. 2016); *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n.2 (5th Cir. 2011) *Royal v. Boykin*, CIVIL ACTION No. 1:16-cv-00176-GHD-RP, at *4 (N.D. Miss. Sep. 5, 2017)).

17. Wiand does not have statutory standing as permanent receiver and therefore lacked any cause of action in his forfeiture actions and in his pending Motion.

18. There is no plea agreement that has any relevance to this non-criminal case.

19. Joseph Anile's plea was entered in ancillary case 8:19-cr-334-T-35CPT on 12 August 2019 (Doc. 3), 104 days after Wiand's appointment as permanent receiver on 30 April 2019 (Doc. 44).

20. Further, Mr. Anile's plea agreement did not answer the Counts in the instant case.

21. Since Plaintiff identified no specific debtor and no specific debt amount, and Defendant was given no opportunity for a hearing pursuant to Title 28, Section 3103, prior to the appointment of Receiver Wiand, there are no lawful grounds upon which the Receiver seized properties.

22. Wiand unlawfully seized and liquidated Defendant's property but neither Wiand nor his agents may lawfully liquidate or disburse proceeds from Defendant's property.

## THE RECEIVER HAS NO STANDING

23. Whereas Receiver Wiand was appointed on a pre-judgment basis without lawful authority; and

24. Whereas Wiand failed to timely file the documents 28 U.S.C. §§ 754 & 1692 required; and

25. Whereas Wiand was not legally authorized as receiver under 28 U.S.C. §§ 3103, 3101, and 3102; and

26. Whereas Wiand, being unauthorized as receiver in the instant case, through acts with associated attorneys has knowingly conspired to injure, oppress, and intimidate Defendant; and

27. Whereas Wiand, being unauthorized as receiver in the instant case, has knowingly deprived Defendant of his rights under law and statute; and

28. Whereas Wiand, being unauthorized as receiver in the instant case, has knowingly and willfully acted in conspiracy to defraud the United States by obtaining or aiding to obtain the payment of fraudulent claims; and

29. Whereas Wiand, being unauthorized as receiver in the instant case, has knowingly and willfully acted to defraud the United States by repeated misrepresentation of case law; and

30. Whereas Wiand, being unauthorized as receiver in the instant case, has knowingly represented himself falsely to be an officer of the court acting under color of law and has extorted money, papers, and other things; and

31. Whereas Wiand, being unauthorized by law as receiver in the instant case, through knowing, willful acts has mismanaged Defendant's property; and

32. Whereas Wiand, being unauthorized by law as receiver in the instant case, through knowing, willful acts received, possessed, and disposed of Defendant's property; and

33. Whereas through the intentional, willful, and knowing acts of Receiver Wiand, Defendant was repeatedly denied constitutionally protected due-process rights;

34. WHEREFORE, Wiand does not have statutory standing as receiver, he therefore, lacks standing to bring any cause of action in this pending Motion and, therefore, should be dismissed as Receiver with prejudice.

Respectfully,

/s/ Michael J. DaCorta, *pro se*
11774 Via Lucerna Circle
Windmere FL 34786
Telephone: (941) 807-9933
Email: mdacorta64@yahoo.com

To the best of his knowledge, information, and belief, Defendant has fully complied with the provisions of the Federal Rules of Civil Procedure Rule 11(b).

### CERTIFICATE OF SERVICE

I, Michael J. DaCorta, filed the foregoing with the Middle District of Florida through their e-filing system (ECF) which in turn will send a copy to the following persons:
J. Alison Auxter (CFTC)
A. Brian Phillips (for Satellite Holdings Co. and John J. Haas)
Mark L. Horwitz (for Raymond P. Montie, III)
Francisco "Frank" L. Duran
Christopher Walker (for Mainstream Fund Services, Inc.)
Peter John Grili (Mediator)
Eric Ryan Feld (for Burton W. Wiand)
David W. A. Chee (Movant-United States of America)

Dated:
December 2, 2021
Respectfully,

/s/ Michael J. DaCorta, *pro se*
11774 Via Lucerna Circle
Windermere FL 34786
Telephone: (941) 807-9933
Email: mdacorta64@yahoo.com