UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COMMODITY FUTURES TRADING
COMMISSION,

      Plaintiff,

v.                                          Case No. 8:19-cv-886-T-VMC-SPF

OASIS INTERNATIONAL GROUP,
LIMITED; OASIS MANAGEMENT, LLC;
SATELLITE HOLDINGS COMPANY;
MICHAEL J. DACORTA; JOSEPH S.
ANILE, II.; RAYMOND P. MONTIE III;
FRANCISCO "FRANK" L. DURAN; and
JOHN J. HAAS,

      Defendants;

and

MAINSTREAM FUND SERVICES, INC.;
BOWLING GREEN CAPITAL
MANAGEMENT LLC; LAGOON
INVESTMENTS, INC.; ROAR OF THE
LION FITNESS, LLC; 444 GULF OF
MEXICO DRIVE, LLC; 4064 FOUNDERS
CLUB DRIVE, LLC; 6922 LACANTERA
CIRCLE, LLC; 13318 LOST KEY PLACE,
LLC; and 4 OAKS LLC,

      Relief Defendants.
_____/

## ORDER

This cause comes before the Court for consideration of the Receiver's Tenth Interim Motion for Order Awarding Fees, Costs and Reimbursement of Costs to Receiver and His Professionals (Doc. 459). The Commodity Futures Trading Commission ("CFTC") does not oppose the granting of the relief sought. Defendants Anile, Haas, Montie, and Duran

do not oppose the motion, and the United States (as an intervening party) takes no position on the motion (Doc. 472).  Defendant Michael J. DaCorta filed an objection to the motion (Doc. 466).

Mr. DaCorta opposes the Receiver's Tenth Interim Motion for Order Awarding Fees, Costs and Reimbursement of Costs to Receiver and His Professionals (Doc. 459) and urges the Court to deny the motion.  Mr. DaCorta states the motion should be denied for the following reasons: 1) the CFTC did not fulfill applicable statutory requirements pertaining to prejudgment appointment of receivers; 2) the Receiver's behavioral fact pattern betrays unprincipled personal pecuniary motivations inconsistent with the receiver's fiduciary obligations; 3) the CFTC did not fulfill applicable statutory requirements pertaining to due process relative to the forfeiture action in case no. 8:19-cv-00908 in consequence of which a substantial portion of the assets were unlawfully seized; 4) the cited authority upon which the Consolidated Order (Doc. 177) is explicitly based is without foundation in law or rule and was issued in clear contradiction of every United States Appellate Court decision pertaining to the "reappointment" of a receiver; 5)  Receiver Wiand exceeded his authority granted by his Temporary Receivership; 6) the Receiver's temporary authority did not lawfully extend into a permanent receivership; 7) in seizing Defendant DaCorta's assets the Receiver repeatedly denied constitutionally-protected rights of due process;  8) Defendant DaCorta was repeatedly barred by the Court from defending assets from forfeiture; 9) the Receiver's claims for restitution result from several violations of due process and statutory prohibitions, the assets seized are "fruit from the poisoned tree," and therefore neither the Receiver nor his employees should be granted access to any of the spoils resulting from their liquidation into the Receivership estate (Doc. 466, pp.1-2).

Additionally, Mr. DaCorta recently filed a motion to dismiss this action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b) and failure to abide by the Rules of the Court (Doc. 454). In the motion, Mr. DaCorta alleges that he has sustained in personal losses in the amount of $10,221,025 and seeks entry of a judgment against the Receiver. *Id.* The motion is currently pending before the District Judge in this case.

In considering the Receiver's Tenth Interim Motion for Order Awarding Fees, Costs and Reimbursement of Costs to Receiver and His Professionals (Doc. 459), the Court need not, and should not, examine the merits of Mr. DaCorta's motion to dismiss. Whether the Plaintiff failed to prosecute this action and whether the Plaintiff violated Fed.R.Civ.P. 11(b)(2), 12(b)(1), and 12(b)(6), whether dismissal pursuant to Fed.R.Civ.P. 41(b) is proper, or the ultimate ruling on Mr. DaCorta's motion to dismiss are not the standards by which this Court determines whether to award fees to the Receiver and his professionals for the work done in this action. Indeed, Mr. DaCorta does not cite any case law supporting such a premise. Absent a finding that the action is frivolous, which Mr.DaCorta raises only in a conclusory fashion in his motion to dismiss (Doc. 454, p.18), Mr. DaCorta's objection is unavailing and overruled.

Having otherwise considered the motion, Mr. DaCorta's objection, and being otherwise fully advised, it is **ORDERED AND ADJUDGED** that the Receiver's Tenth Interim Motion for Order Awarding Fees, Costs and Reimbursement of Costs to Receiver and His Professionals (Doc. 459) is **GRANTED**. The Court awards the following sums and directs that payment be made from the Receivership assets:

| | |
|---|---:|
| Burton W. Wiand, Receiver | $11,980.13 |
| Guerra King P.A. | $73,049.09 |
| Johnson Cassidy Newlon & DeCort | $1,606.50 |
| Englander Fischer | $39,696.43 |
| Ray Quinney & Nebeker PC | $570.00 |
| KapilaMukamal, LLP | $3,991.53 |
| PDR CPAs | $4,017.25 |
| E-Hounds, Inc. | $9,855.00 |
| RWJ Group, LLC | $2,157.87 |
| Maples Group | $3,702.50 |
| RPM Financial Markets Group, LLC | $3,570.00 |

**ORDERED** in Tampa, Florida, this 4th day of February 2022.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE