UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COMMODITY FUTURES TRADING
COMMISSION,

                                  Case No. 8:19-CV-886-T-33SPF

      Plaintiff,

v.

OASIS INTERNATIONAL GROUP, LIMITED; OASIS MANAGEMENT, LLC; SATELLITE HOLDINGS COMPANY; MICHAEL J. DACORTA; JOSEPH S. ANILE, II.; RAYMOND P. MONTIE III; FRANCISCO "FRANK" L. DURAN; and JOHN J. HAAS,

      Defendants;

and

FUNDADMINISTRATION, INC.; BOWLING GREEN CAPITAL MANAGEMENT LLC; LAGOON INVESTMENTS, INC.; ROAR OF THE LION FITNESS, LLC; 444 GULF OF MEXICO DRIVE, LLC; 4064 FOUNDERS CLUB DRIVE, LLC; 6922 LACANTERA CIRCLE, LLC; 13318 LOST KEY PLACE, LLC; and 4 OAKS LLC,

      Relief Defendants.
_____/

### RECEIVER'S MOTION TO APPROVE RETENTION OF SPECIAL FOREIGN COUNSEL TO FACILITATE RETURN OF TRADING LICENSE DEPOSIT AND PAPERS

Burton W. Wiand, as receiver over the assets of the above-captioned defendants and relief defendants (the "**Receiver**" and the "**Receivership**"), moves the Court to approve his engagement of Wayne A. Piper and Flores Piper LLP (the "**Piper Firm**"), a law firm located in Belize. As explained below, the Receiver seeks assistance from the Piper Firm to obtain the return of a $500,000 license deposit held by a bank for Oasis Global FX, S.A. (which is organized in Belize) to the Receivership, as well as Receivership records currently in the custody of another lawyer in Belize. The Receiver has been unable to complete these tasks from the U.S. despite repeated attempts. The engagement of the Piper Firm therefore is necessary to return assets and records of the Receivership.

### BACKGROUND

On April 15, 2019, the Court appointed Mr. Wiand as Receiver and directed him, in relevant part, to "[t]ake exclusive custody, control, and possession of the Receivership Estate," which includes "all the funds, properties, premises, accounts, income, now or hereafter due or owing to the Receivership Defendants, and other assets directly or indirectly owned, beneficially or otherwise, by the Receivership Defendants." *See* Order Granting Plaintiff's Motion for an Ex Parte Statutory Restraining Order,

Appointment of a Temporary Receiver, and Other Equitable Relief (Doc. 7 at p. 14, ¶ 32 & p. 15, ¶ 30.b.) (the "**TRO**").

On July 11, 2019, the Court entered a Consolidated Receivership Order, which is now the operative document governing the Receiver's activities. (Doc. 177 (the "**Consolidated Order**").)[1] Pursuant to the Consolidated Order and its predecessors (*see* Docs. 7, 44), the Receiver has the duty and authority to (i) recover, receive, and take into possession from third parties "all Receivership Property and records relevant thereto;" and (ii) engage attorneys and liquidating agents "to assist him in carrying out his duties and responsibilities hereunder." (Doc. 77 at 5–6 ¶ 8(B), (F).)

## Oasis Global FX Limited & Oasis Global FX, S.A.

Defendants fraudulently solicited hundreds of members of the public to invest more than $75 million through two commodity pools:

- Oasis Global FX, Limited ("**Global FX Limited**") is a New Zealand entity formed in approximately May 2012. It is owned by defendant Oasis International Group Ltd. Defendant Michael DaCorta was the president and defendant Joseph Anile, II was the vice president of Global FX Limited. Defendants operated a foreign trading account in the name of Global FX Limited until approximately February 2017.

- Oasis Global FX, S.A. ("**Global FX SA**") is a Belizean entity formed in approximately August 2016. It was owned by defendant Anile. Global FX SA operated until the institution of this action.

---

[1] On April 23, 2021, the Court reappointed the Receiver for purposes of 28 U.S.C. § 754, but the order of reappointment attaches and incorporates the Consolidated Order by reference. *See* Doc. 390. As such, the provisions of the Consolidated Order continue to govern the Receiver's mandate upon reappointment. *Id.*

Shortly after his appointment, the Receiver learned that Global FX Limited owned an account (x4622) at Choice Bank Limited ("**Choice Bank**") in Belize. On June 29, 2018, however, regulators in Belize revoked Choice Bank's license and appointed a liquidator. In October 2021, the Receiver recovered a total of $55,960.78 from the liquidator.

The Receiver also learned that Global FX SA has an account at Heritage Bank Limited ("**Heritage Bank**") in Belize that contains approximately $500,000. The Receiver believes that the money served as a bond that allowed Global FX SA to operate as a broker-dealer in Belize. On May 7, 2019, the Belize International Financial Services Commission suspended Global FX SA's trading licenses.

Soon after the CFTC filed this action, the Receiver learned that attorney Glenn D. Godfrey and the Godfrey Firm of Belize City (the "**Godfrey Firm**") had been providing legal services to defendant Anile, Global FX Limited, and Global FX SA. The Receiver contacted the Godfrey Firm, which represented that it could assist the Receiver in transferring control of Global FX SA to him, which would ultimately allow the Receiver to repatriate the above funds to the United States. On June 21, 2019, the Court granted the Receiver's motion to engage the Godfrey Firm for assistance. (Doc. 138.)

The Godfrey Firm however has not secured the repatriation of the Heritage Bank funds. Nor has the Godfrey Firm satisfied the Receiver's recent

4

requests for information and documents relating to Global FX SA. The Receiver submits that the Godfrey Firm has been ineffective and non-responsive.

The Receiver attempted to repatriate the money by dealing directly with Heritage Bank via telephone, e-mail, and regular mail, but those efforts were not fruitful. Officials with Heritage Bank have declined the Receiver's request for the funds even though the Receiver provided Heritage Bank with a copy of the Consolidated Order and other documents that supported the Receiver's request. The Receiver believes that the engagement of the Piper Firm as his new counsel in Belize is the most prudent course for obtaining the repatriation of the Global FX SA funds for the Receivership, as well as the return of Receivership documents from the Godfrey Firm.

The Piper Firm is experienced in assisting companies and individuals in corporate matters as well as litigation. Additional information about the Piper Firm can be found at https://www.florespiper.com/what-we-do. Wayne Piper is a principal of the Piper Firm. The attached **Exhibit A** contains biographical information about Mr. Piper and several other members of his firm. The attached **Exhibit B** is recent correspondence from Mr. Piper proposing his plan of action. The attached **Exhibit C** is Mr. Piper's proposed engagement letter.

The Receiver seeks to use the services of the Piper Firm because its attorneys are familiar with local laws, regulations, and proceedings in Belize (which the Receiver is not), and the Receiver reasonably believes the Piper Firm can perform the necessary functions in an economically efficient manner. The Piper Firm requests a $2,000 retainer and estimates that the legal fees for the representation would approximate $10,000, exclusive of taxes and fees, if the representation goes smoothly. The Receiver will submit the invoices of the Piper Firm quarterly for review and approval by the Court. Given the work involved and the amount of money at issue, the Receiver believes that these costs are appropriate under the circumstances.

## **MEMORANDUM OF LAW**

The Court's power to supervise an equity receivership and to determine the appropriate actions to be taken in the administration of the receivership is extremely broad. *See, e.g., S.E.C. v. Elliott,* 953 F.2d 1560, 1566 (11th Cir. 1992); *S.E.C. v. Hardy*, 803 F.2d 1034, 1038 (9th Cir. 1986). The Court's wide discretion derives from the inherent powers of an equity court to fashion relief. *Elliott*, 953 F.2d at 1566; *S.E.C. v. Safety Finance Service, Inc.,* 674 F.2d 368, 372 (5th Cir. 1982).

The Consolidated Order authorizes the Receiver to retain professionals to assist him in carrying out his mandate, but they require the Receiver to seek the Court's approval of the pertinent engagements. The Receiver thus seeks

6

the Court's approval of his retention of the Piper Firm to provide the above-described services.

## CONCLUSION

WHEREFORE, Burton W. Wiand, the Court-appointed Receiver, respectfully requests that this Court grant his motion and approve his engagement of Wayne A. Piper and Flores Piper LLP to obtain the return of the Oasis FX SA license deposit from Heritage Bank, and the return of Receivership papers from the Godfrey Firm.

## LOCAL RULE 3.01(g) CERTIFICATION

Undersigned counsel for the Receiver has conferred with counsel for the CFTC and is authorized to represent to the Court that the CFTC has no objection to the relief requested in this motion. Undersigned counsel has conferred with counsel for the intervening party the United States and is authorized to represent to the Court that the United States takes no position on the relief requested in this motion.

Defendants Anile, Haas, Duran, and Montie do not oppose the requested relief. After conference via e-mail on February 17, 2022, Defendant DaCorta indicated that he will be filing an objection to the requested relief.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 1, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I have

also provided the following non-CM/ECF participants with a true and correct copy of the foregoing by electronic mail and US mail to:

>Gerard Marrone
>Law Office of Gerard Marrone, P.C.
>66-85 73rd Place
>Second Floor
>Middle Village, NY  11379
>gmarronelaw@gmail.com
>*Counsel for Defendant Joseph S. Anile, II*
>
>Frank Duran
>flduran7@gmail.com

**/s/ Lawrence J. Dougherty**
Jared J. Perez, FBN 0085192
Email jperez@guerraking.com
Lawrence J. Dougherty, FBN 0068637
Email ldougherty@guerraking.com
GUERRA KING P.A.
The Towers at Westshore
1408 N. West Shore Blvd.,
Suite 1010
Tampa, FL  33607
Tel.   (813) 347-5100
Fax   (813) 347-5198

*Counsel for the Receiver, Burton W. Wiand*
