UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COMMODITY FUTURES
TRADING COMMISSION,

      Plaintiff,

v.                         Case No.: 8:19-cv-886-VMC-SPF

OASIS INTERNATIONAL
GROUP, LTD., et al.,

      Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to the "Motion to Dismiss Receiver," filed by pro se Defendant Michael DaCorta on December 2, 2021. (Doc. # 447). The Receiver in this case, Burton W. Wiand, and Plaintiff the Commodity Futures Trading Commission ("CFTC") both filed responses. (Doc. ## 452, 453). On December 16, 2021, DaCorta filed a document entitled "Motion to Dismiss: Judgment Requested," to which the CFTC responded. (Doc. ## 454, 465). For the reasons explained below, the Court denies both Motions.

**I.**    **Background**

In June 2019, the CFTC filed its First Amended Complaint against Defendants DaCorta, Oasis International Group, Limited, Oasis Management, LLC, and others, alleging

1

violations of the Commodity Exchange Act and CFTC Regulations. (Doc. # 110). The complaint alleged that DaCorta and others engaged in a fraudulent scheme to solicit and misappropriate money from more than 700 U.S. residents for pooled investments in retail foreign currency contracts in two commodity pools.

The United States requested that the Court stay this civil matter in order to protect its ongoing criminal investigation. (Doc. # 149). In July 2019, the Court granted that request, and this case has been stayed and administratively closed since that time, with a limited exception for the Receiver to carry out his mandate. See (Doc. ## 179, 470).

## II. Discussion

### A. "Motion to Dismiss Receiver"

DaCorta attacks the Receiver's standing in this matter, arguing that the CFTC "did not fulfill statutory requirements pertaining to prejudgment appointment of receivers" because the Receiver purportedly failed to file certain documents. (Doc. # 447 at 3, 6).

This argument fails because, not only has the Receiver not asserted any causes of action against him, DaCorta misunderstands the relevant statutes. One of the statutes

2

DaCorta cites, 28 U.S.C. § 754, governs only a receiver's jurisdiction over property located in different districts. And, as this Court has previously found, the Receiver has complied with all the requirements of 28 U.S.C. § 754 and § 1692. See (Wiand v. Arduini, et al., Case No. 8:20-cv-862-VMC-TGW, at Doc. # 344).

DaCorta also argues that the Receiver was not "legally authorized" under 28 U.S.C. §§ 3103, 3101, and 3102. (Doc. # 447 at 6). But, given the CFTC's invocation of Section 13a-1 of the Commodity Exchange Act, DaCorta's reliance on 28 U.S.C. §§ 3101-03 is misplaced because those statutes are components of the Federal Debt Collection Procedures Act ("FDCPA"). "The FDCPA provides the exclusive civil procedures for the United States 'to obtain, before judgment on a claim for a debt, a remedy in connection with such claim.'" U.S. ex rel Doe v. DeGregorio, 510 F. Supp. 2d 877, 883 (M.D. Fla. 2007) (quoting 28 U.S.C. § 3001(a)(2)). This Receivership, however, is not based on "a claim for a debt" owing from DaCorta (or anyone else) to the United States. It is not a *qui tam* action or a proceeding under the False Claims Act. Rather, the CFTC sued DaCorta to enjoin ongoing violations of the Commodity Exchange Act.

Finally, and perhaps most importantly, the record reflects that DaCorta expressly consented to the Receiver's appointment. (Doc. # 35-3). DaCorta also failed to object to additional motions for entry of consent orders vis-a-vis other defendants, nor did he object to the Consolidated Receivership Order appointing the Receiver, which was entered by the Court in July 2019. See (Doc. ## 172, 177). In short, DaCorta failed to raise any objections to the Receiver's appointment for the last two and a half years. He cannot legitimately do so now, and he has put forth no allegations or evidence showing how or why the Receiver is not lawfully appointed or failing to diligently fulfil his lawful mandate.

To the extent that DaCorta objects to the Receiver's seizure and liquidation of property in this case, the operative Consolidated Order entered by this Court expressly authorized the Receiver to seize and liquidate the defendants' and relief defendants' property. What's more, DaCorta has expressly consented to the Court's jurisdiction over him and his purported property. (Doc. # 35-3). As the Receiver points out, DaCorta generally failed to participate in the approved liquidation plan, and to the extent he did previously object it was as to the sales price, not to the Receiver's authority to carry out the liquidation.

For these reasons, DaCorta's "Motion to Dismiss Receiver" is meritless and due to be denied.

**B.    "Motion to Dismiss: Judgment Requested"**

DaCorta argues that the CFTC's original complaint should be dismissed (1) for lack of subject matter jurisdiction; (2) for failure to state a claim under Rule 12(b)(6); (3) for involuntary dismissal under Rule 41(b) as frivolous; and (4) for violations of Rule 11. (Doc. # 454).

The Court need not wade into the merits of DaCorta's arguments because his Motion violates the stay currently in place in this matter and that has been in place for two and a half years. With the limited exception of matters pertaining to the Receiver and his mandate, this matter is stayed. DaCorta attempts to drag the Court into addressing his arguments attacking the CFTC's civil complaint (and seeking a final resolution of this matter), but the stay prevents the Court from doing so. Accordingly, DaCorta's "Motion to Dismiss: Judgment Requested" is denied without prejudice.

**C.    Sanctions**

While the Receiver requests that the Court order DaCorta to reimburse it for the money it expended in opposing the Motion to Dismiss Receiver, the Court declines to do so at this time. See Peer v. Lewis, 606 F.3d 1306, 1311 (11th Cir.

5

2010) (explaining that district courts may levy sanctions under Rule 11, Section 1927, or the court's inherent power, and such decisions will be reviewed only for abuse of discretion). However, the Court warns DaCorta that, should he continue to file frivolous and meritless motions that serve to take up scarce judicial resources, the Court will not be so lenient in the future.

    Accordingly, it is now

    **ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Michael DaCorta's "Motion to Dismiss Receiver" (Doc. # 447) is **DENIED.**

(2) DaCorta's "Motion to Dismiss: Judgment Requested" (Doc. # 454) is **DENIED without prejudice.**

    **DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 7th day of March, 2022.

    VIRGINIA M. HERNANDEZ COVINGTON
    UNITED STATES DISTRICT JUDGE