UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COMMODITY FUTURES
TRADING COMMISSION,

    Plaintiff,

v.                        Case No.: 8:19-cv-886-VMC-SPF

OASIS INTERNATIONAL
GROUP, LTD., et al.,

    Defendants.

_____/

**ORDER**

This matter is before the Court on consideration of United States Magistrate Judge Sean P. Flynn's Report and Recommendation (Doc. # 705), filed on January 27, 2023. Objections have been filed by six different beneficiaries of the receivership estate. (Doc. ## 718-723). The Court-appointed Receiver responded on March 3, 2023. (Doc. # 729). The Court adopts the report and recommendation and grants the Receiver's Motion for an Order (1) Approving a First Interim Distribution of $10 Million; (2) Approving the Receiver's Final Determinations Regarding Unperfected or Incomplete Claims; and (3) Overruling Limited Objections to Certain Claim Determinations (Doc. # 694) to the extent stated herein.

1

**Discussion**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendation. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994).

Upon due consideration of the record, including Judge Flynn's Report and Recommendation as well as the Objections thereto, the Court overrules the Objections and adopts the Report and Recommendation. The Court agrees with Judge Fynn's findings of fact and conclusions of law and finds that the Objections do not provide a basis for rejecting the Report and Recommendation.

Accordingly, it is now

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) The Report and Recommendation (Doc. # 705) is **ACCEPTED** and **ADOPTED**.

(2) The Receiver's Motion for an Order (1) Approving a First Interim Distribution of $10 Million; (2) Approving the Receiver's Final Determinations Regarding Unperfected or Incomplete Claims; and (3) Overruling Limited Objections to Certain Claim Determinations (the "First Interim Distribution Motion") (Doc. # 694) is **GRANTED** as follows:

    a. A first interim distribution of $10 million, as set forth in the Motion and in Exhibits 1 and 2, is approved and authorized.

    b. The objections to the Receiver's determinations of Claims 782-V, 404, and 759 are overruled.

    c. The Receiver is authorized to honor requests to change the name of a claimant or payee of a claim if, in the Receiver's discretion, he is provided reasonable proof of the new recipient's right to the distribution.

    d. The Receiver is authorized to reissue distribution checks initially made payable to

    deceased claimants to the appropriate entity or person if, in the Receiver's discretion, he is provided reasonable proof of the new recipient's right to the distribution.

e. Any deposit or other negotiation of distribution check is deemed a waiver of all arguments made outside the Objection Procedure, including those made through the stricken "declarations," Notices, and altered or incomplete Personal Verification Forms (as defined in the Motion). If a claimant negotiates a check, the claimant is deemed to have accepted the information provided in the Proof of Claim as true and correct under penalty of perjury. If a claimant does not agree with the distribution amount or any aspect of the distribution process, he or she must not negotiate the pertinent check and may not participate in the distribution. Any alteration or appendment of conditions to the check is deemed a violation of the Court's Order.

**DONE and ORDERED** in Chambers in Tampa, Florida, this 15th day of March, 2023.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE