UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COMMODITY FUTURES TRADING
COMMISSION,

       Plaintiff,

v.   Case No. 8:19-cv-886-VMC-SPF

OASIS INTERNATIONAL GROUP,
LIMITED; OASIS MANAGEMENT, LLC;
SATELLITE HOLDINGS COMPANY;
MICHAEL J. DACORTA; JOSEPH S.
ANILE, II.; RAYMOND P. MONTIE III;
FRANCISCO "FRANK" L. DURAN; and
JOHN J. HAAS,

       Defendants;

and

MAINSTREAM FUND SERVICES, INC.;
BOWLING GREEN CAPITAL
MANAGEMENT LLC; LAGOON
INVESTMENTS, INC.; ROAR OF THE
LION FITNESS, LLC; 444 GULF OF
MEXICO DRIVE, LLC; 4064 FOUNDERS
CLUB DRIVE, LLC; 6922 LACANTERA
CIRCLE, LLC; 13318 LOST KEY PLACE,
LLC; and 4 OAKS LLC,

       Relief Defendants.
_____/

**REPORT AND RECOMMENDATION**

Before the Court is the Receiver's Motion to Approve Second Interim Distribution (Doc. 805). Plaintiff Commodity Futures Trading Commission ("CFTC") does not oppose the motion and neither does intervening party the United States of America or Defendant DaCorta. No party or nonparty has responded to the Second Interim Distribution Motion,

and the deadline to do so has passed. For the reasons stated here and in the Second Interim Distribution Motion, the undersigned recommends the Court grant the Motion.

### A. Relevant Background

In this federal equity receivership action, the Court appointed Burton Wiand as the receiver over Defendants' and Relief Defendants' assets (Docs. 7, 390). The Court's July 11, 2019 Consolidated Receivership Order governs the Receiver's activities and directs him to recover and conserve all Receivership Property and manage the Receivership Estates (*see* Doc. 177). On March 7, 2022, the Court granted the Receiver's motion to approve the determination and priority of claims, pool the Receivership's assets and liabilities, approve the Receiver's distribution plan, and establish an objection procedure ("Claims Determination Motion") (Docs. 439, 482). Specifically, the Court approved the Receiver's determination of claims, distribution plan, and proposed procedure for handling any objections (the "Objection Procedure") (Doc. 482). Under the Objection Procedure, the objecting claimant has the burden of proof (Doc. 439 at 46). The Court-ordered deadline for submitting objections to the Receiver's claim determinations was April 14, 2022.

On March 15, 2023, the District Judge – adopting the undersigned's report and recommendation – granted the Receiver's First Interim Distribution Motion and authorized the Receiver to distribute $10 million to claimants with approved claims. In the Second Interim Distribution Motion, the Receiver represents that "[a]ll first interim distribution checks have been mailed and negotiated except for one check in the amount of $19,476.63." (Doc. 805 at 4). As for that one check, the Receiver is working with Brent Winters to reissue the check to a different custodian. "Given Mr. Winters' involvement, the Receiver believes that the claimant should be allowed to recover this distribution once he provides confirmation

of the correct custodian." (*Id.*). Except for that one check, the Receiver has completed the first interim distribution and provided a recovery of approximately 17.51% of the Allowed Amounts to claimants entitled to participate in the distribution (*Id.*).[1]

Now, in the Second Interim Distribution Motion, the Receiver asks for leave to distribute an additional $9 million to claim holders identified by number in Exhibit 1 to its Motion (*Id.* at 5). In its March 7, 2022 Order, the Court found "[t]he plan of distribution as set forth in the Motion is logical, fair, and reasonable." (Doc. 482 at 2). The Court approved the Receiver's use of the Net Investment Method (defined in the Claims Determination Motion) to make *pro rata* distributions to claimants with approved claims (*Id.*). The Receiver and his team have calculated a distribution for each approved claim based on the Net Investment Method, as shown in Exhibit 1 to the Second Interim Distribution Motion.

According to the Receiver, the value of the Receivership Estate as of February 1, 2024 was $10,855,034.51 million (Doc. 805 at 5). In the Second Interim Distribution Motion, the Receiver requests distribution on a *pro rata* basis, subject to the same methods and parameters used for the first interim distribution (*Id.*). The Receiver's proposed second distribution will result in an additional recovery of approximately 15.76% for these claimants, bringing their total recovery to approximately 33.28% of their Allowed Amounts (*Id.*). This distribution will "provide a significant amount of money to claimants now while still maintaining adequate funds to cover the expenses of (1) ongoing litigation, which includes possible exposure for the payment of opposing counsels' fees in connection with litigation against ATC

---

[1] The term "Approved Amounts" is defined in the Receiver's Claims Determination Motion (Doc. 439).

Brokers Ltd. should the Receiver not prevail, (2) administering the Receivership, and (3) paying the Receiver's professionals for services already provided and yet to be provided." (*Id*). For the reasons explained in the Second Interim Distribution Motion, the undersigned recommends the court approve the second interim distribution of $9 million as set forth in Exhibit 1 to the Motion.

Accordingly, the undersigned **RECOMMENDS**:

(1) The Receiver's Motion to Approve Second Interim Distribution (Doc. 805) be **GRANTED** as follows:

   a. A second interim distribution of $9 million, as set forth in the Motion and in Exhibit 1, be approved and authorized.

   b. The Receiver be authorized to honor requests to change the name of a claimant or payee of a claim if, in the Receiver's discretion, he is provided reasonable proof of the new recipient's right to the distribution.

   c. The Receiver be authorized to reissue distribution checks initially made payable to deceased claimants to the appropriate entity or person if, in the Receiver's discretion, he is provided reasonable proof of the new recipient's right to the distribution.

It is so **REPORTED** in Tampa, Florida on March 22, 2024.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.