UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COMMODITY FUTURES
TRADING COMMISSION,

    Plaintiff,

v.                      Case No.: 8:19-cv-886-VMC-SPF

OASIS INTERNATIONAL
GROUP, LTD., et al.,

    Defendants,

and

FUNDADMINISTRATION,
INC., et al.,

    Relief Defendants.

_____/

## ORDER

This cause comes before the Court on consideration of Receiver Burton W. Wiand's Motion for Contempt Against Stephen Preziosi (Doc. # 834), filed on August 16, 2024. On August 22, 2024, Stephen Preziosi responded in opposition. (Doc. # 835). With leave of Court, Receiver Wiand filed a reply on September 4, 2024 (Doc. # 840), and Mr. Preziosi filed a sur-reply on September 24, 2024. (Doc. # 843). For the reasons that follow, the Motion is denied.

## I.  Background

The Court's Consolidated Receivership Order ("CRO") appointed Burton W. Wiand as receiver in this action. (Doc. # 177). The CRO, in part, authorizes Receiver Wiand to preserve the assets of the Defendants and Relief Defendants, including Defendant Michael J. DaCorta, "as well as the assets of any other entities or individuals that . . . are attributable to funds derived from pool participants, lenders, investors, or clients of the Defendants and/or Relief Defendants." (Id. at 2).

Receiver Wiand's Motion alleges that Brent Winters, who is supposedly Mr. DaCorta's attorney, Greg Mellick, and the "Oasis Helpers" are revictimizing the investor-victims by fundraising among them to fund Mr. DaCorta's legal representation – namely, Mr. Preziosi. (Doc. # 834 at 7-10). That is, Reciever Wiand alleges that, "[w]ith [Mr.] Winters' and [Mr.] Mellick's assistance, in January 2024, [Mr.] DaCorta retained [Mr.] Preziosi to appeal the summary judgment order and agreed to pay a $155,450.00 retainer fee." (Id. at 11).

On June 10, 2024, Receiver Wiand served a subpoena duces tecum on Mr. Preziosi directing him "to produce documents evidencing the source of funds used for his retention as [Mr.]

2

DaCorta's appellate counsel and communications with [Mr.] Winters, [Mr.] Mellick, and the 'Oasis Helpers.'" (Doc. # 834-3; Doc. # 834 at 12). Mr. Preziosi provided some documents in response, but, in part, refused to turn over communications with Mr. Mellick. (Doc. # 834 at 12). Mr. Preziosi informed Receiver Wiand that he would be moving to modify the subpoena. (Id. at 13).

On July 17, 2024, Mr. Preziosi filed a motion in this Court to be admitted Pro Hac Vice. (Doc. # 823). The motion was granted on July 24, 2024. (Doc. # 824). On August 6, 2024, Receiver Wiand advised Mr. Preziosi that if he failed to move to modify, "he would seek Subpoena enforcement in the U.S. District Court in the Southern District of New York." (Doc. # 840 at 4; Doc. # 840-3). Mr. Preziosi responded that he would file his motion to modify the subpoena with this Court by August 12, 2024. (Doc. # 835-11). Because no such motion was filed, Receiver Wiand sought enforcement of the subpoena in this Court.

Thus, on August 16, 2024, Receiver Wiand filed the instant Motion for Contempt against Mr. Preziosi. (Doc. # 834). The Motion is fully briefed (Doc. ## 835, 849, 843), and is now ripe for review.

3

**II. Discussion**

Federal Rule of Civil Procedure 45 governs subpoenas and provides that, "[t]he court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). "When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f).

The issuing court is the court where the action is pending. See Fed. R. Civ. P. 45(a)(2) ("A subpoena must issue from the court where the action is pending."). Whereas the court where compliance is required for discovery-related subpoenas is "a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A).

Receiver Wiand "initiated this subpoena-enforcement effort in the wrong venue." Barry v. QBE Specialty Ins. Co., No. 2:23-CV-296-SPC-NPM, 2023 WL 11056265, at *2 (M.D. Fla. Oct. 9, 2023). The Middle District of Florida is the issuing

4

court here. Because Mr. Preziosi resides in New York, New York, any motion for contempt or to enforce the subpoena must have first been filed in the Southern District of New York. See (Doc. # 834-3); Fed. R. Civ. P. 45(g). If Mr. Preziosi consents, or the Southern District of New York finds exceptional circumstances, such a motion may be transferred here for disposition. See Fed. R. Civ. P. 45(f)

Because this Court is neither the court where compliance is required nor was the Motion transferred here, jurisdiction is lacking. See, e.g., Avila v. Target Corp., No. 21-CV-907 (PKC)(JMW), 2022 WL 17540322, at *2 (E.D.N.Y. Nov. 18, 2022) (denying motion for contempt for lack of jurisdiction because it was filed in the issuing court instead of the court of compliance); KGK Jewelry LLC v. ESDNetwork, No. 11 CIV. 9236 (LTS) (RLE), 2014 WL 1199326, at *2-4 (S.D.N.Y. Mar. 21, 2014) (denying motions to quash subpoenas because they were filed in the Southern District of New York, when the courts of compliance were the District of New Hampshire and the District of Rhode Island); Borghetti v. CBD USA Grown, Inc., No. CV 19-798, 2021 WL 3913974, at *1 (W.D. Pa. Sept. 1, 2021) (denying motions to compel and for contempt because they were not filed in the court of compliance); Barry, 2023 WL 11056265 at *1 (denying motion for subpoena enforcement because it was

5

filed in the Middle District of Florida, when the court of compliance was the Southern District of Florida).

Thus, the Motion is denied for lack of jurisdiction with leave to refile in the proper court.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Receiver Burton W. Wiand's Motion for Contempt Against Stephen Preziosi (Doc. # 834) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 3rd of December, 2024.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE