UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COMMODITY FUTURES
TRADING COMMISSION,

    Plaintiff,

v.                         Case No.: 8:19-cv-886-VMC-SPF

OASIS INTERNATIONAL
GROUP, LTD., et al.,

    Defendants,

and

FUNDADMINISTRATION,
INC., et al.,

    Relief Defendants.

_____/

**ORDER**

This cause comes before the Court on consideration of Petitioner David Dalman's pro se Motion for Reconsideration of Denial of Claim (Doc. # 848), filed on November 25, 2024. On December 9, 2024, Receiver Burton W. Wiand responded in opposition. (Doc. # 851). For the reasons that follow, the Motion is denied.

**Discussion**

With the Court's approval, the Receiver established a claims process to distribute the proceeds of the Receivership

1

Estate, including to defrauded investors. See (Doc. # 230; Doc. # 231). The deadline to submit claims to the Receiver (the "Claim Bar Date") was June 15, 2020. (Doc. # 231 at 2; Doc. # 266 at 2). The Court held that claims not submitted by the Claim Bar Date are "forever barred and precluded." (Doc. # 231 at 2). The Court later reiterated "the need to bring finality to these matters and to allow the Receiver to proceed with distributions of Receivership assets," and held that "any and all further claims . . . are barred and enjoined absent further order from this Court." (Doc. # 482 at 3).

As part of the claims process, claimants were required to sign their claim forms under penalty of perjury. (Doc. # 230 at 9). A group of claimants, including Mr. Dalman, opted to have an attorney, Brent Winters, submit claims on their behalf. See (Doc. # 439 at 9-10; Doc. # 482). All claims submitted by Mr. Winters were deficient because he executed the forms using his power of attorney rather than having claimants sign under penalty of perjury. (Id.). Therefore, while Mr. Winters timely submitted two claims on Mr. Dalman's behalf on June 15, 2020, Mr. Dalman's signature under oath was missing. (Doc. # 851 at 2-3). Despite the signature issue and other noted issues with Mr. Dalman's claim forms, the Receiver recommended that Mr. Dalman's claims be "allowed in

part" in the amounts of $14,328.05 and $157,700.00, if Mr. Dalman executed and submitted a Personal Verification Form by April 14, 2022. (Id. at 4-5; Doc. # 439 at 26-27; Doc. # 439 Ex. 2 at 26).

The Receiver alleges that individuals were dissuading the remaining claimants from submitting Personal Verification Forms. (Doc. # 851 at 6). The Receiver explains that he reached out to claimants to counter the false information, "wa[ved] red flags about [Mr.] Winters and his associates," and extended the time to submit Personal Verification Forms at least twice. (Id. at 6-7, 12). Ultimately, fourteen claimants, including Mr. Dalman, did not submit a Personal Verification Form. (Id. at 7-8). Therefore, Mr. Dalman did not participate in either the first or second interim distributions. (Doc. ## 694, 705, 730, 805, 808, 810). The Receiver has since concluded both interim distributions, resulting in the transfer of approximately nineteen million dollars to participating claimants with approved claims. (Doc. # 851 at 10).

Mr. Dalman now seeks reconsideration of the purported denial of his claim. (Doc. # 848). Mr. Dalman submits that Mr. Winters' efforts, and Greg Mellick's, to recover his funds were ineffective, as improper paperwork was filed and he was

not informed that his "claim was denied." (Id. at 2). Mr. Dalman seeks to revoke any powers of attorney and request that funds be distributed from the Receiver directly to him. (Id.). The Receiver opposes the Motion. (Doc. # 851).

"The Court's reconsideration of a prior order is an extraordinary remedy. Exercise of this power must of necessity be used sparingly." Taylor Woodrow Const. Corp. v. Sarasota/Manatee Airport Auth., 814 F. Supp. 1072, 1072 (M.D. Fla. 1993). "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." Id. at 1072-73. "The movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. at 1073.

Relief from a final order or judgment is governed by Federal Rule of Civil Procedure 60. Motions seeking relief based on mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, or misconduct must be filed within one year of the challenged order. Fed. R. Civ. P. 60(c)(1).

It is unclear which order Mr. Dalman is asking the Court to reconsider. Among others, there has been an order

establishing the Claim Bar Date (Doc. # 231), an order approving the determination and priority of claims (Doc.# 439), as well as orders approving the first two interim distributions. (Doc. # 730; Doc. # 810). Additionally, as the Receiver submits, Mr. Dalman's claims were not denied but allowed in part, subject to conditions that Mr. Dalman to date has failed to meet. (Doc. # 851 at 10-11, 14).

To the extent Mr. Dalman is seeking relief from a final order, and without deciding whether the unknown order is final, his Motion is untimely. See Fed. R. Civ. P. 60(c)(1). Here, more than one year has passed since the order approving the first interim distribution was entered on March 15, 2023, which first excluded Mr. Dalman. (Doc. # 730). Other related orders were entered even longer before.

Moreover, the Motion does not seek relief under Rule 60. (Doc. # 848). Indeed, Mr. Dalman's Motion contains only vague factual assertions without any legal arguments in support of his requested relief. The root of this issue is that Mr. Dalman did not submit perfected claim forms by the Claim Bar Date. This alone bars his claims. Regardless, Mr. Dalman's claims were allowed to proceed in part, but only if he perfected his claims by submitting a Personal Verification Form. Despite the Receiver's repeated warnings to claimants,

5

including Mr. Dalman, and repeated encouragement to submit their forms, Mr. Dalman chose not to submit his Personal Verification Form. Mr. Dalman was made aware of the deficiencies in his claims and was even warned about his chosen representation. Reevaluating the effectiveness of his representation now does not change that. Therefore, the Court is not persuaded that there have been any changes to the factual or legal underpinnings of this case warranting reconsideration.

Additionally, while sympathetic to Mr. Dalman's situation, the Court agrees with the Receiver's concerns that reconsideration would result in increased costs to the Receivership Estate, and that Mr. Dalman has other available legal remedies. (Doc. # 851 at 13-14).

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Petitioner David Dalman's pro se Motion for Reconsideration of Denial of Claim (Doc. # 848) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 9th of January, 2025.

*[Signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE