UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COMMODITY FUTURES
TRADING COMMISSION,

      Plaintiff,

v.                                  Case No.: 8:19-cv-886-VMC-SPF

OASIS INTERNATIONAL GROUP,
LIMITED; OASIS MANAGEMENT, LLC;
SATELLITE HOLDINGS COMPANY;
MICHAEL J. DACORTA; JOSEPH S.
ANILE, II.; RAYMOND P. MONTIE III;
FRANCISCO "FRANK" L. DURAN; and
JOHN J. HAAS,

      Defendants,

and

FUNDADMINISTRATION, INC.;
BOWLING GREEN CAPITAL
MANAGEMENT LLC; LAGOON
INVESTMENTS, INC.; ROAR OF THE
LION FITNESS, LLC; 444 GULF OF
MEXICO DRIVE, LLC; 4064 FOUNDERS
CLUB DRIVE, LLC; 6922 LACANTERA
CIRCLE, LLC; 13318 LOST KEY PLACE,
LLC; and 4 OAKS LLC,

      Relief Defendants.
_____/

This cause comes before the Court upon consideration of the Receiver's Renewed Motion to Approve Substituted Service on Respondent Jason McKee for July 15, 2026, Order to Show Cause Hearing (Doc. # 937), filed on July 2, 2026. For the reasons that follow, the Motion is granted.

1

**Discussion**

Pursuant to Federal Rule of Civil Procedure 4(e)(1), an individual may be served in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). The Receiver moves for leave to serve Mr. McKee, who is believed to reside in Illinois, in accordance with Section 2-203.1 of the Illinois Code of Civil Procedure.

Pursuant to Section 2-203.1 of the Illinois Code of Civil Procedure, "[i]f service upon an individual defendant is impractical under items (1) and (2) of subsection (a) of Section 2-203, the plaintiff may move, without notice, that the court enter an order directing a comparable method of service." 735 Ill. Comp. Stat. 5/2-203.1. "The motion shall be accompanied with an affidavit stating the nature and extent of the investigation made to determine the whereabouts of the defendant and the reasons why service is impractical under items (1) and (2) of subsection (a) of Section 2-203, including a specific statement showing that a diligent inquiry as to the location of the individual defendant was made and reasonable efforts to make service have been

unsuccessful." Id. "The court may order service to be made in any manner consistent with due process." Id.

Here, the Receiver has submitted an affidavit in which he states that he retained a private investigator to assist him in locating and effecting personal service on Mr. McKee. (Doc. # 938 at ¶ 2). The Receiver believes that the investigative firm "found a valid residential and registered agent address" for Mr. McKee in Elkville, Illinois. (Id. at ¶ 3). The Receiver hired a process server, who made five attempts to personally serve Mr. McKee at that address. (Id. at ¶¶ 4-5). The process server identified Mr. McKee's vehicle at the property but was unable to personally serve Mr. McKee as he did not answer the door. (Id. at ¶ 5). The investigator also left a voicemail and sent a text message to Mr. McKee, but he did not respond. (Id. at ¶ 6). Mr. McKee also did not respond to multiple emails from the Receiver's counsel. (Id.).

The Court finds that the Receiver has complied with the requirements of Section 2-203.1 of the Illinois Code of Civil Procedure. The Receiver represents that he has "reliable mail and email addresses" for Mr. McKee. (Doc. # 937 at 5). The Receiver may serve Mr. McKee via email and mail in accordance with Section 2-203.1 of the Illinois Code of Civil Procedure.

3

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1)  The Receiver's Renewed Motion to Approve Substituted Service on Respondent Jason McKee for July 15, 2026, Order to Show Cause Hearing (Doc. # 937) is **GRANTED.**

(2)  The Receiver may serve Jason McKee in accordance with Section 2-203.1 of the Illinois Code of Civil Procedure.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 2nd day of July, 2026.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

4